UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
KENNETH T. CHAVEZ,
*on behalf of himself and all others similarly situated*,

                          Plaintiff,

            -against-

CHELSEA PINES, INC. d/b/a CHELSEA PINES INN,

                         Defendant.
------------------------------------------------------------X

**REPORT & RECOMMENDATION**
23 CV 3433 (FB) (CLP)

**POLLAK**, United States Magistrate Judge:

On May 7, 2023, plaintiff Kenneth Chavez commenced this action, on behalf of himself and all others similarly situated, against defendant Chelsea Pines, Inc. d/b/a Chelsea Pines Inn. Plaintiff asserts that defendant, which operates a hotel, failed to provide information on its websites identifying whether accessible features are present in the hotel's common areas and guestrooms, in violation of the Americans with Disabilities Act, New York State Human Rights Law, New York State Civil Rights Law, and New York City Human Rights Law. (See Compl.[1]).

Currently pending before this Court is plaintiff's motion for default judgment, filed on October 20, 2023. (Pl.'s Mem.[2]). For the reasons set forth below, the Court respectfully recommends that plaintiff's motion for default judgment be denied without prejudice and with leave to renew.

---

[1] Citations to "Compl." refer to plaintiff's Complaint, filed May 7, 2023 (ECF No. 1).
[2] Citations to "Pl.'s Mem." refer to plaintiff's Memorandum of Law in Support of his Motion for Default Judgment, filed on October 20, 2023 (ECF No. 9-2).

1

FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff is a uniped and amputee who uses a wheelchair for mobility and resides in Kings County, New York. (Compl. ¶¶ 1, 9). Defendant owns and maintains the Chelsea Pines Inn, located at 317 West 14th Street, New York (the "Hotel"), and accompanying websites and online reservation systems, located at www.chelseapinesinn.com and on the platforms www.hotels.com and www.booking.com (collectively, the "Websites"). (Id. ¶¶ 1, 36).

Plaintiff alleges that on or about April 5, 2023, he visited the Websites to learn about the accessible features of the Hotel and to assess whether he could reserve an accessible room. (Id. ¶ 37). Due to the lack of information on the Websites, plaintiff could not determine if an accessible room was available. (Id.) Specifically, plaintiff alleges that the Websites lack accessibility information regarding both the hotel common areas, which include the front desk, recreational facilities, and entrance, and the individual guest rooms. (Id. ¶¶ 39-41). Plaintiff states that the Websites provide "literally no information about [each] room's accessibility features," such as whether they include roll in showers, grab bars, or sufficient maneuvering space. (Id. ¶¶ 39, 40).

Following the filing of the Complaint on May 7, 2023, the Summons and Complaint were served on defendant Chelsea Pines Inc. on May 12, 2023, with the response due by June 2, 2023. (ECF No. 5). When defendant failed to file an Answer or otherwise respond within the required time period, plaintiff requested a Certificate of Default from the Clerk of Court, who issued the requested certificate on August 29, 2023. (ECF Nos. 7, 8). On October 20, 2023, plaintiff filed a Motion for Default Judgment. (ECF No. 9). Subsequently, the Honorable Frederic Block referred the Motion for Default Judgment to this Court. (Electronic Order dated 10/23/2023).

DISCUSSION

The Court now addresses several deficiencies in the instant motion: (1) plaintiff's application for class relief without a concurrent request for class certification, (2) inconsistencies between plaintiff's counsel's supporting affidavit and the other filings in the case, and (3) a lack of supporting information regarding the attorney's fees request.

I. Rule 23 Class Claims

Plaintiff brings his claims on behalf of himself and a class of all persons in the United States who are unable to walk as a result of a disability, use a wheelchair or other motorized mobility device, and who have been denied equal access to defendant's Hotel and Websites, as well as subclasses of all persons who meet the same criteria within New York State and New York City. (Compl. ¶¶ 16-18). Plaintiff's motion for default judgment requests relief for subclass members in the amount of $1,500 for each individual. (Pl.'s Mem. at 16). Plaintiff, however, did not file a motion for class certification under Rule 23 prior to submitting his motion for default judgment, nor does his motion for default judgment request class certification.

While "[t]here is a general principle that factual allegations in the complaint are deemed admitted by the defendant upon default. . . Rule 23(c) imposes an independent duty on the district court to determine by order that the requirements of Rule 23(a) are met regardless of the defendant's admissions." Telford v. Ideal Mortg. Bankers, LTD., No. 09 CV 5518, 2010 WL 3924790, at *4 (E.D.N.Y. Aug. 17, 2010), report and recommendation adopted, 2010 WL 3909313 (E.D.N.Y Sept. 27, 2010) (quoting Davis v. Hutchins, 321 F.3d 641, 648-49 (7th Cir. 2003)). Therefore, courts cannot award class relief in a default judgment where plaintiff has failed to move for class certification. See Winegard v. Crain Commc'ns, Inc., No. 20 CV 1509, 2021 WL 1198960, at *2 (S.D.N.Y. Mar 30, 2021) (holding that "[a]s Plaintiff has failed to file a motion for class certification pursuant to Rule 23, the Court will therefore only consider default

3

judgment for the named Plaintiff"); see also Suris v. Collive Corp., No. 20 CV 06096, 2022 WL 542987, at *4 (E.D.N.Y. Jan. 10, 2022), report and recommendation adopted, 2022 WL 541765 (E.D.N.Y. Feb. 23, 2022) (recommending that "the default judgment be entered in favor of the named plaintiff only").[3]

Given that plaintiff has not moved for class certification pursuant to Rule 23, this Court is unable to provide any relief for the proposed class through a default judgment. Accordingly, the Court is limited to considering whether it is appropriate to grant default judgment solely as to the named plaintiff.

II. Plaintiff's Counsel's Supporting Affidavit

With respect to the claims of the named plaintiff, major inconsistencies exist between plaintiff's counsel's supporting affidavit (Segal Aff.[4]), and other filings in this case. Specifically, while the Complaint states that plaintiff is "uniped and an amputee" who "uses a wheelchair for mobility" (Compl. ¶ 1), counsel's affidavit states that plaintiff is "legally deaf" and makes no reference to the need for mobility devices. (Segal Aff. ¶ 8). Similarly, the Complaint centers on the Websites' lack of information about the Hotel's accessibility features for those who cannot walk (Compl. ¶¶ 37, 38), whereas counsel's affidavit states that defendant failed to provide closed captioning on videos to make its website accessible to deaf and hard of hearing individuals. (Segal Aff. ¶ 8). Plaintiff's memorandum of law also conflicts with counsel's affidavit and is consistent with the allegations in the Complaint in describing plaintiff as uniped and an amputee. (See Pl.'s Mem. at 3, 11).

---

[3] The Court notes that Mr. Segal, counsel for plaintiff in this case, represented the plaintiffs in both Winegard v. Crain Commc'ns, Inc. and Suris v. Collive Corp., and therefore should be aware of the class certification requirement.

[4] Citations to "Segal Aff." refer to plaintiff's counsel's Affirmation in Support of Motion for Default Judgment, signed under penalty of perjury, filed on October 20, 2023 (ECF No. 9-1).

This Court has previously held that errors and inconsistencies in filings, particularly those made in sworn affidavits, can frustrate the default judgment analysis and prevent the Court from entering default judgment. See Andrade v. A to Z Hardware, Inc., No. 22 CV 7304, 2024 WL 693978, at *4-5 (E.D.N.Y. Feb. 5, 2024), report and recommendation adopted, 2024 WL 694099 (E.D.N.Y. Feb. 20, 2024) (holding that the Court could not recommend default judgment for alleged wage violations where there were several inconsistencies in the factual record, including with respect to the type of business defendants operated and the length of time plaintiff worked for defendants). While the Court presumes that the statements in the affidavit were made in error, perhaps the result of a sloppy copy-and-paste job, the discrepancies concern core factual issues and prevent this Court from recommending default judgment at this time. See id.

III. Support for Attorney's Fees

The Court also notes deficiencies in plaintiff's request for attorney's fees. Plaintiff's motion seeks $2,650 in attorney's fees, representing an hourly rate of $385. (Pl.'s Mem. at 17). The motion states that "[a]ll attorneys' fees are set forth in the Attorney Time Sheet attached hereto as Exhibit 'A.'" (Id.) However, no such time sheet is attached. (See generally ECF No. 9). Therefore, plaintiff's counsel has not provided any information regarding hours expended or the nature of the work performed, which is necessary to determine whether the requested fee amount is reasonable.

CONCLUSION

Accordingly, the Court respectfully recommends that plaintiff's motion be denied without prejudice and with leave to renew, addressing the deficiencies discussed above. If plaintiff seeks to renew his motion for default judgment, he is encouraged to ensure that all necessary supporting papers, including an affidavit from the plaintiff, are provided, and that the

claims as set out in the various papers are not inconsistent with each other. Plaintiff is also reminded that any renewed motion must be served upon defendant.

Plaintiff is ordered to serve this Report and Recommendation on defendant and file proof of service on the docket immediately.

Any objections to this Report and Recommendation must be filed with the Clerk of the Court, with a copy to the undersigned, within fourteen (14) days of receipt of this Report. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); see also Fed. R. Civ. P. 6(a) (providing the method for computing time). Failure to file objections within the specified time waives the right to appeal the District Court's order. See, e.g., Caidor v. Onondaga Cnty., 517 F.3d 601, 604 (2d Cir. 2008).

**SO ORDERED.**

Dated: Brooklyn, New York
      August 5, 2024

                                            /s/ Cheryl L. Pollak
                                            Cheryl L. Pollak
                                            United States Magistrate Judge
                                            Eastern District of New York