UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| KENNETH T. CHAVEZ,<br>on behalf of himself and all others<br>similarly situated<br><br>                           Plaintiff,<br><br>     -against-<br><br>CHELSEA PINES, INC. d/b/a<br>CHELSEA PINES INN,<br><br>                           Defendant, | **MEMORANDUM AND ORDER**<br>Case No. 23-cv-03433-FB-CLP |

*Appearances*:
*For the Plaintiff*:
MITCHELL SEGAL
Law Offices of Mitchell S. Segal, P.C.
1149 Northern Boulevard., Suite 404
Manhasset, New York 10030

**BLOCK, Senior District Judge:**

On May 7, 2023, plaintiff Kenneth Chavez ("Plaintiff") commenced this action, on behalf of himself and all others similarly situated, against defendant Chelsea Pines, Inc. d/b/a Chelsea Pines Inn ("Chelsea Pines" or "Defendant"). Plaintiff asserts that Chelsea Pines, which operates a hotel, failed to provide information on its websites identifying whether accessible features are present in the hotel's common areas and guestrooms, in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*, New York State Human Rights Law, N.Y. Exec. Law § 290 *et seq.*, New York State Civil Rights Law, N.Y. Civ. Rights

1

Law § 40 *et seq.*, and New York City Human Rights Law, N.Y.C. Admin. Code § 8-101 *et seq.*.

The summons and complaint were served on Chelsea Pines on May 12, 2023, with the response due by June 2, 2023. When Defendant failed to respond within the required time period, Plaintiff requested a certificate of default, which the Clerk of Court issued on August 29, 2023. On October 20, 2023, Plaintiff then filed a motion for default judgment against Chelsea Pines.

On August 5, 2024, Magistrate Judge Pollak issued a Report and Recommendation ("R&R") recommending that the Court deny Plaintiff's motion without prejudice and with leave to renew. Magistrate Pollak identified three deficiencies in Plaintiff's instant motion: the absence of a concurrent request for class certification accompanying Plaintiff's application for class relief; inconsistencies between Plaintiff's counsel's supporting affidavit and the Plaintiff's previously filed complaint and accompanying memorandum of law; and the lack of any supporting information regarding the attorney's fees request.

Magistrate Pollack's R&R gave the parties fourteen days to file objections, i.e., until August 19, 2024, and warned that "[f]ailure to file objections within the specified time waives the right to appeal the District Court's order." R&R at 6.  No objections have been filed.  If clear notice has been given of the consequences of failing to object, and there are no objections, the Court may adopt the R&R

2

without *de novo* review. *See Thomas v. Arn*, 474 U.S. 140, 149-50 (1985); *Smith v. Campbell*, 782 F.3d 93, 102 (2d Cir. 2015) ("Where parties receive clear notice of the consequences, failure to timely object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision." (citations omitted)). The Court will, however, excuse the failure to object and conduct *de novo* review if it appears that the magistrate judge may have committed plain error. *See Spence v. Superintendent, Great Meadow Corr. Facility*, 219 F.3d 162, 174 (2d Cir. 2000).

No error, plain or otherwise, appears on the face of the R&R. Accordingly, the Court adopts the R&R without *de novo* review. Plaintiff's motion for default judgment is dismissed without prejudice and with leave to renew once the deficiencies described above have been addressed. If Plaintiff seeks to renew his motion for default judgment, he is encouraged to ensure all necessary supporting papers are provided, and that the claims set out in Plaintiff's papers are not inconsistent with each other.

**SO ORDERED.**

                                                    /S/ Frederic Block_____
                                                    FREDERIC BLOCK
                                                    Senior United States District Judge

Brooklyn, New York
September 16, 2024